Defendant-appellant, Cole Baughman, appeals an order of the Franklin County Court of Common Pleas that adjudicated him a sexual predator pursuant to R.C. Chapter 2950, Ohio's sexual predator law.
On February 1, 1990, the Franklin County Grand Jury indicted appellant in the rape of Helen McDaniel. Appellant pled guilty to one count of attempted rape on July 24, 1990. The remaining charges were dismissed.
On June 8, 1998, the trial court held a hearing to determine whether appellant should be classified as a sexual predator. The trial court admitted into evidence for consideration on the sexual predator issue: (1) the indictment charging appellant with rape; (2) the guilty plea form; (3) the sentencing entry; and (4) pre-sentence and post-sentence investigation reports. Additionally, the trial court admitted into evidence a transcript containing Helen McDaniel's testimony, which took place during a separate trial of co-defendant, Charles Clary.
On June 19, 1998, the trial court issued a judgment entry finding appellant to be a sexual predator.
Appellant appeals, assigning the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN APPLYING R.C. 2950.09
BECAUSE THE STATUTE, AS APPLIED TO THOSE CONVICTED OF OFFENSES COMMITTED BEFORE ITS EFFECTIVE DATE OF JANUARY 1, 1997, BUT SENTENCED AFTER JANUARY 1ST, VIOLATES THE BAN ON RETROACTIVE LAWS SET FORTH IN SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION.
 SECOND ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN APPLYING R.C. 2950.09
BECAUSE THE STATUTE, AS APPLIED TO THOSE CONVICTED OF OFFENSES COMMITTED BEFORE ITS EFFECTIVE DATE OF JANUARY 1, 1997, BUT SENTENCED AFTER JANUARY 1ST, VIOLATES THE BAN ON EX POST FACTO LAWMAKING BY THE STATES SET FORTH IN ARTICLE I, SECTION 10 OF THE UNITED STATES CONSTITUTION.
 THIRD ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN APPLYING R.C. 2950.09
BECAUSE THE STATUTE VIOLATES EQUAL PROTECTION OF THE LAW AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.
 FOURTH ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN ADMITTING AND CONSIDERING THE TRANSCRIPT OF THE CO-DEFENDANT'S TRIAL.
We overrule appellant's first and second assignments of error based upon the decision rendered by the Ohio Supreme Court inState v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus. In Cook, the Ohio Supreme Court held that R.C.2950.09, as applied to conduct prior to the effective date of the statute, does not violate the retroactivity clause of Section 28, Article II of the Ohio Constitution, or the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. Id
Additionally, we overrule appellant's third assignment of error based upon our previous decision in State v. Chappell
(Feb. 24, 1998), Franklin App. No. 97APA04-543, unreported (1998 Opinions 357, 363). In Chappell, we held that R.C.2950.09 does not violate equal protection of the law guarantees by the United States and Ohio Constitutions. Id.
Appellant's fourth assignment of error concerns the trial court's decision to admit into evidence the transcript containing McDaniel's testimony, which took place in co-defendant Clary's trial.
First, appellant attacks the trial court's decision to admit into evidence the transcript containing McDaniel's testimony, which took place in co-defendant Clary's trial, on the basis that the transcript does not constitute reliable hearsay. We disagree.
The Ohio Supreme Court held that the rules of evidence do not strictly apply to sexual predator determination hearings.Cook, at 425. Thus, the Ohio Supreme Court indicated that a trial court may consider reliable hearsay in sexual predator determination hearings. Id. Reliable hearsay bears an indication that its truth is reasonably probable. Our Place,Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571; State v. Lee (June 26, 1998), Hamilton App. No. C-970440, unreported.
In this case, we determined that McDaniel's testimony in the Clary trial transcript bears indications that its truth is reasonably probable because the testimony was given under oath and subject to cross-examination by an adverse party. The fact that appellant did not cross-examine McDaniel during the sexual predator determination hearing does not impact our decision. The trial court could evaluate the probability of the truth of McDaniel's testimony by referring to the transcript containing the cross-examination of her testimony. Accordingly, contrary to appellant's assertion, the transcript containing McDaniel's testimony constitutes reliable hearsay.
Second, appellant asserts that the trial court violated his right to cross-examine witnesses, as guaranteed by R.C.2950.09(B)(1), when it admitted into evidence and considered the trial transcript containing McDaniel's testimony. We disagree.
R.C. 2950.09(B)(1) provides that, at a sexual predator determination hearing, "the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator."
We acknowledge, as noted above, that the Ohio Supreme Court held that a trial court may consider a pre-sentence investigation report in a sexual predator determination hearing. Cook, at 425. Furthermore, we acknowledge that a trial court does not violate a defendant's right to cross-examine witnesses when it admits into evidence and considers a pre-sentence investigation report at a sexual predator determination hearing. State v. Qualls (Mar. 4, 1999), Cuyahoga App. No. 72793, unreported, citing Williams v. People of Stateof New York (1949), 337 U.S. 241, 69 S.Ct. 1079; State v.Hargis (Feb. 11, 1999), Cuyahoga App. No. 72540, unreported. Often, pre-sentence investigation reports contain the victim's statements regarding the offense, as well as statements from investigators and prosecutors. However, the decisions in Qualls
and Cook do not prohibit the trial court from considering pre-sentence investigation reports in sexual predator determination hearings even though the victim, investigators, or prosecutors quoted in the reports were not cross-examined by the offender.
Under the analysis noted above, we conclude that a trial court does not violate an offender's right to cross-examine witnesses in sexual predator determination hearings when it admits into evidence and considers a transcript from another trial containing testimony that is not subject to cross-examination by the offender. Such a conclusion is consistent with a conclusion that a trial court does not violate the guarantee to cross-examine witnesses in sexual predator determination hearings when it admits into evidence and considers a pre-sentence investigation report containing out-of-court statements not subject to the offender's cross-examination.
We acknowledge that, in a sexual predator determination hearing, the offender has an opportunity to attack evidence that contains statements not subject to cross-examination. As noted in Qualls, the offender in a sexual predator determination hearing has the opportunity to call his or her own witnesses, present his or her own evidence and counter any erroneous information presented by the state.
Therefore, based on the reasons noted above, we conclude that appellant's right to cross-examine witnesses was not violated when the trial court admitted the transcript containing McDaniel's testimony.
Third, appellant asserts that the trial court's decision that he is a sexual predator was tainted by inflammatory material in the trial transcript containing McDaniel's testimony. We disagree.
Contrary to appellant's arguments, the material in the trial transcript admitted into evidence during the hearing described events leading up to and including the rape of McDaniel. The transcript supplemented information in the pre-sentence and post-sentence investigation reports regarding the rape of McDaniel. Thus, we reject appellant's argument that the trial transcript containing McDaniel's testimony contained inflammatory material that tainted the trial court's decision that he was a sexual predator.
Accordingly, we overrule appellant's fourth assignment of error.
We will next consider whether the trial court's judgment, that appellant is a sexual predator, is against the manifest weight of the evidence. We recognize that appellant did not state as an assignment of error whether we should reverse the trial court's judgment as being against the manifest weight of the evidence. However, we have authority to consider prejudicial errors and issues of reversal not specifically assigned by the parties. App. R. 12(A) and (B); see, also,Toledo Great Eastern Shoppers City, Inc. v. Abde's Black AngusSteak House No. III, Inc. (1986), 24 Ohio St.3d 198, 203
(noting that an appellate court does not exceed its authority under App. R. 12 when it addresses errors not assigned). Moreover, we recognize that the issue of whether the trial court's judgment should be reversed as being against the manifest weight of the evidence was incorporated in appellant's brief and argument. In his brief and argument, appellant asserts that his history and conduct do not make him a sexual predator. In its brief, appellee responds by arguing that there is sufficient evidence to support the trial court's finding that appellant is a sexual predator. We agree with appellant that the trial court's finding that he is a sexual predator is against the manifest weight of the evidence.
Determining whether a judgment is against the manifest weight of the evidence concerns the inclination of the greater amount of credible evidence to support one side of the issue rather than the other. State v. Thompkins (1997), 78 Ohio St.3d 380,387; see, also, Starcher v. Adams (Mar. 25, 1997), Franklin App. No. 96APE07-884, unreported (1997 Opinions 950, 955) (remanding civil case to the trial court where judgment was against the manifest weight of the evidence). When a court of appeals reverses a judgment of a trial court on the basis that the judgment was against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the resolution of the conflicting testimony. Thompkins, at 387. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and remanded to the trial court. Id.
In this case, the trial court merely recited the events leading up to and including the rape of McDaniel as a basis for its decision in its judgment.
However, a trial court cannot find an offender a sexual predator solely on facts arising from the underlying offense.State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Had the legislature intended to rely solely on the underlying offense in sexual predator determinations, it would have done away with sexual predator determination hearings and simply classified any person committing a sexually oriented offense as a sexual predator. Id.
Rather, a sexual predator is a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in one or more sexually oriented offenses in the future. R.C. 2950.01(E). Thus, a court may properly find a person convicted of a sexually oriented offense to be a sexual predator if there is clear and convincing evidence that an offender is likely to commit one or more sexually oriented offenses in the future. R.C. 2950.09(B)(3). The clear and convincing standard is more than a mere "preponderance of the evidence" but not to the extent of such certainty as is required "beyond a reasonable doubt." State v.Schiebel (1990), 55 Ohio St.3d 71, 74. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
In sexual predator determination hearings, the court must consider all relevant factors, including, but not limited to, those factors listed in R.C. 2950.09(B)(2). Cook, at 426; see, also, Ward, noting that R.C. 2950.09 does not place limits on the factors a court may consider in a sexual predator determination hearing, but simply directs the court to consider all relevant factors.
According to R.C. 2950.09(B)(2), a court must consider the following factors when making a sexual predator determination:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Upon reviewing the record, weighing the evidence and all reasonable inferences, and resolving conflicts in the evidence in this case, we conclude that the greater amount of credible evidence does not sustain the trial court's judgment.
Other than the facts of the crime itself, the other evidence from the record shows that appellant has no juvenile criminal record and his prior adult criminal record consists of several traffic violations that involved the consumption of alcohol and minor misdemeanors. Moreover, the record shows that appellant has been convicted of no sexually oriented offenses other than the underlying offense. As well, the sexual contact in the underlying offense involved one victim and was not part of a demonstrated pattern of abuse. Moreover, there was no expert testimony or any other evidence from which to conclude appellant would commit similar offenses in the future.
As such, based on the reasons noted above, we conclude that the trial court's determination that appellant is a sexual predator is against the manifest weight of the evidence.
There is no doubt that what appellant did was reprehensible. All sexually oriented offenses are acts of cruelty and are to be condemned. The issue presented when the state seeks to have an offender classified as a sexual predator, however, is whether the offender is likely to commit future sexually oriented offenses.
In a model sexual predator determination hearing, the prosecutor and defense counsel would take care to identify on the record those portions of the trial transcript, victim impact statements, pre-sentence investigation reports and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C.2950.09(B)(2) and are probative of the definition of sexual predator set forth in R.C. 2950.01(E). State v. Ferrell (Mar. 18, 1999), Cuyahoga No. 72732, unreported.
Either side might present expert opinion by testimony or a written report to assist the trial court in its determination when there is little information beyond the facts of the conviction. Id. Additionally, the record would consist of evidentiary materials for purposes of any potential appeal. Id.
In summary, we overrule appellant's first, second, third and fourth assignments of error. However, we conclude that the trial court's judgment, that appellant is a sexual predator, is against the manifest weight of the evidence. As such, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
DESHLER and PETREE, JJ., concur.