OPINION
The plaintiff-appellant, Jeffrie Lee Hunter, appeals from the judgment of the Tiffin Municipal Court, Seneca County, rendered in favor of defendants-appellees, Klay Tire and Oil Co. and Dean Strausbaugh (collectively, "Klay Tire").
The record reflects that this action arises from a small claims complaint filed on May 26, 1999 by Hunter claiming that Klay Tire caused damage to the engine of his car after an oil change. The evidence presented at trial reveals that Hunter took his 1982 Cadillac to Klay Tire on January 6, 1998 for an oil change. After driving the car, Hunter testified of the following problems: a smell like oil burning; smoke coming out of the right side of the engine; excessive oil spots; and when it was driven to Fostoria on February 6, 1998, there was no oil in the car. In May 1998, Hunter then contacted Klay Tire and asked them to fix the problem. According to Hunter, the engine finally "tied-up" on May 10, 1999.
Strausbaugh testified Klay Tire employees informed him that when they changed the oil in Hunter's car, the oil had started backing up under the valve covers which were totally sludged inside. Strausbaugh also stated that one of the letters of complaint, which had been received, included documentation from Cline Oldsmobile-Cadillac, Inc., and that Strausbaugh went to the dealership to ask about Hunter's car. He then testified regarding a January 3, 1996 invoice stating that "diagnosed engine oil leak and advised valve cover gaskets, oil pan, power steering, cooler lines going to the filter housing was leaking." Even though Hunter may have been billed for certain work in March 1996, Strausbaugh stated that he was told that the work Hunter wanted done at that time by Cline Oldsmobile-Cadillac, Inc. only "band-aided it." Hunter's testimony was that he had the top of the engine taken off, wraparounds put in it, the valves cleaned, and the engine sealed to keep it from leaking. Hunter claims that the car has not leaked until after the oil change at issue.
In its July 1, 1999 entry, the trial court found that the engine was in very poor condition when Hunter took his car to Klay Tire for an oil change. The court also found that there was evidence that Hunter had a great deal of trouble with the car between that time and May 10, 1999. However, the trial court concluded that Hunter failed to prove, by a preponderance of the evidence, that Klay Tire's work on his car caused the engine's trouble and entered judgment in favor of Klay Tire. From this judgment, Hunter has filed a pro se appeal.
In support of his appeal, there is a statement entitled "Memorandum in Support" and "additional grounds" appear after the statement. This court notes that Hunter does not articulate or argue separately assignments of error. See App.R. 16(A)(3) and (7). Pursuant to App.R. 12(A), an appellate court is not required to address issues not specifically assigned as error and briefed.Chem. Bank of New York v. Neman (1990), 52 Ohio St.3d 204, 207;Toledo's Great Eastern Shoppers City, Inc. v. Abde's Black AngusSteak House No. III, Inc. (1986), 24 Ohio St.3d 198, 202-203. Nevertheless, in the interest of justice, this court will consider Hunter's arguments as they pertain to the trial court's conclusion that Hunter failed to prove by a preponderance of the evidence that Klay Tire's work on the car was the proximate cause of the damages.
Initially, it should be noted that the Rules of Evidence do not apply to proceedings at the small claims level. Evid.R. 101(C)(8); Turner v. Sinha (1989), 65 Ohio App.3d 30, 33. It must also be noted that small claims court is a "layman's forum" and is designed to be less formal than other courts. See Turner, at 33-34. However, some reliable evidence is still required to be presented to prove a claim. Id.; Ashley v. Gregg Engine Machine (Sept. 13, 1995), Summit App. No. 17091, unreported, at *2.
A review of the record reveals that at the hearing, Hunter offered testimony that his brother perceived the filter was put on crooked and that an employee of AutoZone said it would destroy the oil pump and eventually cause the engine to tie up and go out. Indeed, Hunter himself relied on hearsay evidence about the cause of the engine's failure. The record also reflects that Strausbaugh's testimony was introduced into evidence at the hearing without objection.
It is well established that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279, 280. Based upon the record, there was competent, credible evidence supporting the decision of the trial court.
Accordingly, the judgment of the municipal court is affirmed.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.