THE STATE OF OHIO, APPELLEE, *v.* MARTIN, APPELLANT.

(No. 86AP-1020—Decided June 18, 1987.)

*Michael Miller,* prosecuting attorney, and *Joyce Anderson,* for appellee. *Gloria Eyerly,* for appellant.

McCORMAC, J. Defendant-appellant, Dwight Martin, was convicted by a jury of one count of gross sexual imposition and sentenced accordingly. He has appealed asserting as his sole assignment of error that he was denied the effective assistance of counsel at his trial by the acts and omissions of his attorney, which are evident in the record, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution.

In *Strickland* v. *Washington* (1984), 466 U.S. 668, the United States Supreme Court adopted a two-prong analysis for determining whether counsel's assistance was so defective as to require reversal of a conviction:

"* * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient

performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. * * *" *Id.* at 687.

Counsel, according to *Strickland,* is "strongly presumed" to have rendered adequate assistance and "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689.

In *State* v. *Smith* (1985), 17 Ohio St. 3d 98, at 100, 17 OBR 219, at 220-221, 477 N.E. 2d 1128, at 1131, the Ohio Supreme Court stated that the *Strickland* test is essentially the one that had been previously adopted in Ohio and that a properly licensed attorney in Ohio is presumed competent; thus there is a burden placed upon the defendant to prove ineffectiveness of his counsel.

The record in this case demonstrates that the errors of trial counsel were so seriously deficient as to satisfy the first prong of the *Strickland* test. At the very start of the trial, defense counsel, in a very brief opening statement, assumed the burden of proving appellant's innocence by stating: "and what we have to do in this case is prove that Dwight Martin was not the person involved in this alleged incident." No argument has been made as to how this statement could possibly have aided defendant's cause. While the trial court charged the jury that the burden was upon the state to prove all the elements of the case beyond a reasonable doubt, counsel's statement certainly started the jury off on the wrong foot as far as a defense based upon reasonable doubt was concerned. This error was heightened by the fact that although a fairly strong alibi defense was presented, defendant's counsel did not request the standard instruction about consideration of an alibi defense as contained in 4 Ohio Jury Instructions (1987), Section 411.03, which would have instructed the jury to consider the evidence of alibi along with all the evidence to determine whether the jury was convinced beyond a reasonable doubt that defendant was present at the time in question. While the alibi defense was not airtight, it was one that covered most of the time periods mentioned in the testimony of the state's witnesses, which generally included times from January 17 through January 20, 1986.

During the course of the trial, defendant's counsel consistently failed to object to testimony that appeared to constitute evidence of prior acts which testimony appears to be inadmissible pursuant to Evid. R. 404(B) and R.C. 2945.59, particularly since the defense was that appellant did not even see the children during the time in issue, rather than that appellant's intent or purpose in any touching was not for improper sexual purposes. On several occasions throughout the trial, defense counsel elicited this "prior act" testimony through his own questioning of the witnesses. At one occasion the trial court *sua sponte* objected to the eliciting of this type of testimony by the state, making mention of the fact that defense counsel should have objected. Evidence of other crimes which is permitted to come before the jury due to defense counsel's neglect, ignorance or senseless disregard of the defendant's rights and which bears no reasonable relationship to a legitimate trial strategy has been held sufficient to render the assistance of counsel ineffective. See *United States* v. *Bosch* (C.A. 1, 1978), 584 F. 2d 1113; *Maryland* v. *Marzullo* (C.A. 4, 1977), 561 F. 2d 540, certiorari denied (1978), 435 U.S. 1011.

A more difficult question is the second part of the *Strickland* test which requires that defendant show that the

deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. We believe that the second part of the test is also satisfied herein. While the basic controversy revolved around an issue of credibility between the testimony of the ten- and eleven-year-old girls and that of appellant, the waters were so seriously muddied by defense counsel's errors that it is impossible to say that the jury arrived at a reliable conclusion based upon a fair trial. First, the case was one which was difficult to defend. The mother of the children described the event as probably having taken place on Friday, January 17, the day before the long weekend holiday honoring Martin Luther King, Jr. She unequivocally stated that the children were unusually quiet upon arriving home that evening, and that upon questioning she found out that one of her children had been sexually molested by defendant. The mother was a person who had had substantial difficulties in her life, which may have had a bearing on her credibility. She gave a weak explanation for a two-week delay in reporting the incident. The two daughters testified that the event happened on Monday, January 20, which was the holiday. They were inconsistent particularly as to the time of the day when the crime allegedly occurred.

The defendant presented an alibi defense covering almost all of the times when the alleged crime could have taken place. The alibi testimony was described by the state's attorney, in final argument, as being truthful. Since the children reported the incident to their mother within a short period of time after the crime allegedly occurred, although it was not reported to the police until more than two weeks later, it seems improbable that there could be so much confusion about the time when the event occurred, which was apparently on an occasion when defendant took the children to a Ponderosa restaurant to eat and then to his place of business where the alleged crime occurred. It was apparently not a situation where there were a number of instances in January 1986 where defendant had had contact with the children. Yet, throughout the testimony of the children and the mother, there was great inconsistency about the time of the event which made it extremely difficult for defendant to produce an alibi defense that could not be sidestepped. In summary, the substantial inconsistency in the testimony of the state's witnesses, coupled with the assumption by defense counsel of a greater burden of proof than required by law with no accurate instruction about the effect of an alibi defense upon reasonable doubt, coupled with substantial inadmissible testimony of other acts by defendant, so seriously prejudiced the defense that one cannot reliably conclude that the jury arrived at a fair result in the trial.

No consistent trial strategy can be detected after a thorough reading of the record. Defense counsel appeared to be groping around trying to get favorable supporting testimony from the state's witnesses and, as a consequence, invited into the record substantial adverse testimony, much of which was inadmissible had the state attempted to elicit it. Thus, this case presents one of those rare cases where the *Strickland* test has been satisfied and defendant did not receive a fair trial due to the ineffective assistance of counsel.

Appellant's assignment of error is sustained. The judgment of the trial court is reversed and the case is remanded to the trial court for a new trial. *Judgment reversed and cause remanded.*

STRAUSBAUGH, P.J., and WHITE-SIDE, J., concur.

STRAUSBAUGH, P.J., concurring. It is with the utmost reluctance that I concur in the reversal and remand of this case based upon the incompetence of defendant's trial counsel. While ineffective assistance of counsel is distressing, the resulting impact upon the innocent victim and minor witnesses is truly deplorable. This result is all the more unfortunate because no sanctions can be imposed which might prevent the reoccurrence of ineffective representation or which could ameliorate the victim.