Sean R. Arnold appeals his convictions of Felonious Assault and Aggravated Robbery. Having found that Arnold was not prejudiced by any of the alleged errors in his trial, we affirm his convictions.
 I.
On August 1, 1996, William Barton heard a knock on his door. Barton's two young daughters had just left for a slumber party and Barton assumed that his daughters had forgotten something. When Barton answered the door, he was met by his neighbor, Carrollton Harris, who asked Barton for a cigarette. Barton went up to his daughters' bedroom, where he had been watching television, to get Harris a cigarette. While in his daughter's room, Barton noticed Arnold's car. Barton had met Arnold twice before through Harris, who introduced Arnold as his cousin. In fact, Barton claims that he had purchased crack cocaine from Arnold several hours earlier.
Barton claims that when he purchased the crack cocaine from Arnold, he had over five hundred dollars in his wallet. Barton also alleges that during the transaction, Arnold likely saw that he was carrying a considerable amount of money in his wallet. Barton believes that Arnold saw this money when he took eighty dollars out of his wallet and handed it to Arnold to pay for the crack cocaine.
After Barton noticed Arnold's car in the parking lot, he turned to give Harris the cigarette and to tell Harris that his cousin was there. When he approached Harris, another man, who Barton identified as Arnold, entered through the apartment door which was left open by Harris. Arnold then allegedly pulled a gun on Barton and asked for his money. Barton claims that he responded that he did not have any money, and that Arnold then called him a liar. According to Barton, Arnold told him to get his wallet, which he did and showed Arnold that it was empty.
At that point, Arnold allegedly became angry and wanted to search his apartment for money. Barton then decided to lunge for the gun. Barton asserts that as they were struggling for the gun, it discharged into the floor and then into his neck. Barton claims that he then pushed Arnold into his fireplace mantle, and that Arnold dropped the gun. Barton contends that Arnold then grabbed something off of his mantle and began beating him in the head with the object, crushing one side of his face. Barton claims that he fell to the floor and Arnold then stomped on his head. Afterward, Arnold and Harris left the apartment, and Barton went to his neighbor's apartment for help.
The police arrived shortly thereafter and Barton told the police that Harris and Harris' cousin were responsible. At that time, Barton did not know Arnold's name as he was only introduced as Harris' cousin. Barton also gave the police a description of Arnold's car. Using this information, the police arrested Harris and Harris provided the police with Arnold's name in connection with the crime.
The police then placed Arnold's picture in a photo line-up and approached Barton to see if he could identify the perpetrator. The police officer asked Barton if any of the men pictured was the man who assaulted him. Although Barton could only see out of one eye because the other was very swollen, Barton was able to identify Arnold as the perpetrator within only a few minutes. Thereafter, the police arrested Arnold for the crime.
Arnold was charged with Felonious Assault and Aggravated Robbery. Arnold was tried for those crimes in December of 1996. On December 17, 1996, the jury found Arnold guilty of both charges. Arnold was sentenced to seven years for Felonious Assault and Seven years for Aggravated Robbery. Those sentences are to run concurrently. Arnold now brings this timely appeal of those convictions.
 II.
In his first assignment of error, Arnold argues that:
 CONSIDERED BOTH SINGULARLY AND CUMULATIVELY, ALLOWING THE ENTRY OF INADMISSIBLE CHARACTER EVIDENCE REGARDING SEAN ARNOLD'S CRIMINAL HISTORY AND VAGUE HEARSAY TESTIMONY AFFECTED THE OUTCOME OF THE CASE AND WAS THEREFORE PLAIN ERROR.
Arnold claims that the trial court erred in allowing the prosecution to inquire into Arnold's prior drug conviction and in allowing Barton to introduce hearsay testimony that another individual saw a man approach Barton's apartment after Harris entered the apartment. Arnold claims that these things cumulatively prejudiced his case. Thus, he claims that the admission of that evidence constitutes plain error.
We disagree with Arnold's contention. Although the admission of evidence of a prior conviction may constitute plain error, the prejudice standard his high. State v. Lenoir (Sept. 12, 1997), Montgomery App. No. 15469, unreported. In order to demonstrate plain error, Arnold had to establish that the outcome of his trial would clearly have been different but for the alleged error.State v. Waddell (1996), 75 Ohio St.3d 163; State v. Mundy
(1994), 99 Ohio App.3d 275.
We find that Arnold has failed to demonstrate that the outcome of his trial would have been different in view of the strong evidence of his guilt that was presented. The evidence presented at trial demonstrates that Barton was familiar with Arnold. Moreover, according to Barton's testimony, he immediately recognized Arnold's car outside his apartment. Furthermore, Barton immediately recognized Arnold when he entered his apartment. What is more, Barton had a significant length of time to view the perpetrator during the attack, and Barton was able to identify Arnold as the perpetrator from a photo line-up as well as in court. Additionally, Barton identified Harris and his cousin to the police following the incident. When the police questioned Harris, Harris gave the police Arnold's name in connection with the crime. In view of this evidence, we cannot find that but for the admission of the evidence, the outcome of his trial would have been different. As a consequence, we are unable to find that the admission of the contested evidence constitutes plain error. The first assignment of error is overruled.
 III.
In his second assignment of error, Arnold argues that:
 SEAN ARNOLD WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS ATTORNEY FAILED TO OBJECT TO INADMISSIBLE CHARACTER EVIDENCE AND ELICITED INADMISSIBLE HEARSAY EVIDENCE CAUSING PREJUDICE TO SEAN ARNOLD'S CASE.
The evidentiary basis of Arnold's ineffective assistance of counsel argument is the same as in his plain error argument. Arnold asserts that his counsel failed to object to the prosecution's inquiry into his criminal history on the prosecution's cross-examination of Arnold's character witnesses. Arnold also contests his counsel's own elicitation of hearsay evidence from Barton on cross-examination. In particular, during Arnold's counsel's cross-examination of Barton, Barton stated that another individual had seen Harris enter Barton's apartment and another man approach the apartment from around the corner. Arnold claims that taken together, these failures by his counsel constituted ineffective assistance of counsel.
Even assuming that his counsel's representation was deficient, we are unable to conclude that his counsel's deficient performance prejudiced his case. To successfully pursue a claim of ineffective assistance of counsel, the complainant must show that his or her counsel's performance was deficient and that the deficient performance prejudiced his or her case. State v. Martin
(1987), 37 Ohio App.3d 213 citing Strickland v. Washington (1984),466 U.S. 668. A defendant may only be found to have been prejudiced by his or her counsel's unreasonable representation when the defendant demonstrates that there is a reasonable probability that but for his or her counsel's ineffective performance, the outcome of the proceeding would have been different. Strickland at 694. The words reasonable probability are defined as a probability sufficient to undermine the confidence in the outcome of the case. Id.
We find that Arnold has failed to demonstrate a reasonable probability that the outcome of his case would have been altered had his counsel objected to the prosecution's inquiry into his prior drug conviction and not elicited the hearsay testimony as to the other individual seeing another man approach Barton's apartment. In view of Barton's familiarity with Arnold, that Barton had more than a sufficient opportunity to view his perpetrator, that Barton identified his perpetrator as Harris' cousin to the police, that Harris identified Arnold in connection with the crime, and that Barton identified Arnold as the perpetrator from the photo line-up and in court, we cannot find that but for those alleged failures the outcome of the case would have been any different. The assignment of error is overruled. Based upon the foregoing, we uphold Arnold's convictions.
Judgment affirmed.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
George A. Katchmer
Richard W. Schulte
Hon. Barbara P. Gorman