OPINION
{¶ 1} Defendant-appellant, Patricia G. Hester, appeals from a judgment of the Franklin County Court of Common Pleas finding her guilty of two counts of robbery in violation of R.C. 2911.12, one count of theft in violation of R.C. 2913.02, and one count of receiving stolen property in violation of R.C. 2913.51, and sentencing her accordingly. For the reasons that follow, we affirm that judgment.
 {¶ 2} By indictment filed December 10, 2001, appellant was charged with the above offenses. The charges arose from an incident at The Ohio State University Hospital where appellant was working as a nurse's assistant. Doris Kinney ("Kinney") entered the hospital on November 19, 2001, to undergo vascular bypass surgery. Kinney also suffered from Alzheimer's disease. Kinney had two rings on her ring finger: a wedding band and a diamond engagement ring. Before her surgery, nurses were unable to take the rings off because of difficulty getting the rings over her knuckle. They eventually used tape to secure the rings on her finger.
 {¶ 3} The day after Kinney's surgery, appellant was assigned to sit with Kinney overnight from 11:00 p.m. November 20th to 7:00 a.m November 21st. During portions of that evening and morning, appellant was alone with Kinney. Sometime after appellant's shift ended, Kinney's diamond ring was discovered missing from her finger. The ring was later found at a pawnshop and appellant admitted to pawning the ring. After entering a not guilty plea to all charges, appellant proceeded to a jury trial. The jury found appellant guilty of two counts of robbery, one count of theft and one count of receiving stolen property and was sentenced accordingly.
 {¶ 4} Appellant appeals, assigning the following as error:
 {¶ 5} "Appellant was denied her right to effective assistance of counsel and a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 6} Appellant contends that she received ineffective assistance of counsel at her trial for two reasons: (1) defense counsel allowed evidence of appellant's prior criminal convictions to be admitted; and (2) defense counsel failed to request a limiting instruction in connection with the jury's consideration of those prior convictions.
 {¶ 7} In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated in Strickland v. Washington (1984), 466 U.S. 668; accord State v. Bradley (1989),42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by theSixth Amendment. Appellant may prove counsel's deficient conduct by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690.
 {¶ 8} If appellant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland test requires appellant to prove prejudice in order to prevail. Id. at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive her of a fair trial, a trial whose result is reliable. Id. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 9} At trial, after the state presented its case, appellant's counsel called her parole officer, Cynthia Hurst, to testify. Hurst testified that appellant was an obedient and cooperative parolee. On cross-examination, and over defense counsel's objections, the state was allowed to question Hurst about appellant's prior criminal convictions. Testimony on cross-examination revealed that, at the time of Kinney's surgery, appellant was on parole from prison for her conviction of fifteen counts of burglary in 1994. Appellant claims that her counsel was ineffective because she permitted testimony concerning her prior convictions.
 {¶ 10} Debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980),62 Ohio St.2d 45, 49. Furthermore, an attorney's selection of witnesses to call at trial falls within the purview of trial tactics and generally will not constitute ineffective assistance of counsel. See, e.g., State v. Coulter (1992), 75 Ohio App.3d 219, 230. While it is generally true that deference is given to trial counsel's tactical decisions, evidence of other crimes which come before the jury due to defense counsel's neglect, ignorance or disregard of defendant's rights, and which bears no reasonable relationship to a legitimate trial strategy, will be sufficient to render the assistance of counsel ineffective. State v. Rutledge (June 1, 1993), Franklin App. No. 92AP-1401, citing State v. Martin (1987), 37 Ohio App.3d 213, 214.
 {¶ 11} Hurst was one of two witnesses defense counsel called to testify about appellant's character. Given that the defense largely turned on the credibility of appellant's version of events, we cannot say that the decision to call these witnesses was not a legitimate trial strategy. Rutledge, supra. Before and after surgery on November 19 and 20, 2001, Kinney's son and daughter both testified that they saw Kinney's wedding band and diamond engagement ring taped to her finger. On November 20, Ann Egan, Kinney's daughter, left her mother's room late at night and, when she returned the next morning on November 21, she noticed the diamond ring was gone. Kinney's wedding band was still on her finger. Other witnesses that morning saw a small abrasion above the knuckle on Kinney's ring finger. Appellant was Kinney's "sitter" during the night of November 20, from 11:00 p.m. until her shift ended at 7:00 a.m. the next day. George Kinney, Kinney's son, spent most of that night with his mother. However, at 1:00 a.m. he left for some time to get a cup of coffee, leaving appellant alone with his mother. He later left appellant alone with his mother again from 3:00 a.m. to 5:00 a.m. when he went to his car and slept.
 {¶ 12} After learning that Kinney's diamond engagement ring was missing, an officer from the Ohio State University Police Department ("OSUPD") telephoned appellant. The officer indicated that he was calling about what had happened when appellant was sitting with Kinney in the hospital room the previous evening. Appellant then allegedly asked if he was referring to the ring. Thereafter, appellant allegedly admitted that she found the ring and pawned it at a pawnshop. She subsequently produced a pawnshop ticket. After obtaining the pawnshop ticket, Kinney's son went to the pawnshop and retrieved Kinney's ring. Photographic evidence was introduced that placed appellant at the same pawnshop on November 21 wearing the same clothes she had worn when she left the hospital that morning. The pawnshop ticket for the ring, signed by appellant, was also introduced as evidence. Later, when OSUPD Officer Gray interviewed appellant, she told him that the ring was not hers and that she had no permission from the owner to sell the ring. She stated that she had found the ring in a hallway of the hospital.
 {¶ 13} Given this overwhelming evidence, counsel's apparent trial strategy was to show appellant's good and honest character so that the jury would believe her contention that she found the ring and did not steal it. However, after counsel "opened the door" by introducing evidence of appellant's good character, the prosecutor properly was allowed to cross-examine the character witness regarding relevant specific instances of appellant's past conduct. Evid.R. 405(A). Such instances can include appellant's prior criminal convictions. State v. Bailey (Apr. 9, 1987), Cuyahoga App. No. 51968.
 {¶ 14} In Rutledge, this court found counsel ineffective for calling the defendant's parole officer as a character witness and eliciting testimony that indicated the defendant's previous criminal convictions. In that case, however, identification of the accused was the issue at trial and, therefore, the character testimony bore no relationship to a legitimate trial strategy. Here, defense counsel's apparent strategy was to attempt to bolster appellant's character and honesty through Hurst's testimony. Given the evidence presented, we cannot say this was not a legitimate trial strategy. Therefore, defense counsel's conduct was not deficient.
 {¶ 15} Appellant further contends that defense counsel was ineffective for failing to request a limiting instruction relating to the jury's consideration of appellant's prior convictions. The failure to seek a limiting instruction in and of itself does not indicate ineffective assistance of counsel. State v. Brown, Warren App. No. CA2002-03-026, 2002-Ohio-5455, at ¶ 17. Without more, appellant has failed to rebut the presumption that trial counsel's actions were anything but legitimate trial strategy. Id.; see, also, State v. Smith (1991), 75 Ohio App.3d 73, 76; State v. Smith (Aug. 20, 1999), Perry App. No. 98-CA-6. Counsel may have declined to request a limiting instruction regarding appellant's prior convictions out of concern that, if such an instruction were given, the prior convictions would be once again called to the jury's attention.
 {¶ 16} Even assuming that counsel's failure to request a limiting instruction was deficient for purposes of an ineffective assistance of counsel claim, we find that appellant has not demonstrated a reasonable probability that, but for that deficient failure, she would have been acquitted of the charges. The state presented overwhelming evidence of appellant's guilt. The reliability of the verdict is not shaken by the absence of a limiting instruction. State v. Lenoir (Sept. 12, 1997), Montgomery App. No. 15469; State v. Yates (Apr. 23, 1998), Cuyahoga App. No. 72228.
 {¶ 17} Appellant was not denied her right to effective assistance of counsel. Accordingly, appellant's lone assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK, P.J., and BOWMAN, J., concur.