TOLEDO'S GREAT EASTERN SHOPPERS CITY, INC., APPELLANT, *v.* ABDE'S BLACK ANGUS STEAK HOUSE NO. III, INC., APPELLEE.

[Cite as Toledo's Great Eastern Shoppers City, Inc. *v.* Abde's Black Angus Steak House No. III, Inc. (1986), 24 Ohio St. 3d 198.]

(No. 85-1479—Decided July 2, 1986.)

*Fuller & Henry* and *Martin J. Witherell,* for appellant.
*Jacobs & Curtis* and *Wilbur C. Jacobs,* for appellee.

*Per Curiam.* Toledo first argues that the court of appeals erred in reversing the trial court's entry of summary judgment in plaintiff's favor for the reason that defendant failed to oppose plaintiff's motion with evidentiary materials sufficient to satisfy Civ. R. 56(E). That rule provides in pertinent part:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Toledo contends that defendant failed in its duty under this rule to respond with any evidence to show that there was a genuine issue of fact warranting trial. Toledo states that the only evidence submitted by defendant in opposition to plaintiff's motion was an affidavit of Charles Abde, president of the defendant corporation, which is silent on the dispositive fact alleged by plaintiff that defendant had announced its intention to plaintiff of never returning to the premises upon completion of repairs, regardless of whether plaintiff restored all or none of defendant's improvements. Toledo contends that its evidence in support of its motion, to the effect that defendant had in fact announced such intention, remained uncontroverted, and therefore summary judgment was entirely appropriate. For the following reasons, we disagree.

While it may be true that defendant presented no evidence to contravene the dispositive fact[1] that it had announced its intention of never returning to the premises, the materials that plaintiff submitted in support

---

[1] This fact is dispositive because even if plaintiff indeed had a duty to restore all improvements made by defendant, such duty would have been discharged once defendant announced its intention of not returning to the premises. There would have been no point in requiring plaintiff to expend extra funds to replace all these improvements in order to render the premises suitable for defendant's reoccupancy if defendant in fact announced that it never planned to return.

of its own motion contained evidence to contradict this fact. Plaintiff presented a deposition taken of Charles Abde, in which Abde repeatedly denied plaintiff's allegation that he had no intention of returning, or that he had ever told plaintiff that he had no intention of returning.[2] Thus, plaintiff *by its own evidence* showed that a genuine issue of fact existed, and summary judgment was therefore improper. If it is true that defendant's affidavit did not "set forth specific facts showing that there is a genuine issue for trial" as required by Civ. R. 56(E), that rule only states that where a party fails to so respond, "summary judgment, *if appropriate,* shall be entered against him." (Emphasis added.) It is clearly not appropriate here. Summary judgment will not be rendered unless reasonable minds can come to but one conclusion and that conclusion is adverse to the party opposing the motion. Civ. R. 56(C). "The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66 [8 O.O.3d 73], citing *Hamlin* v. *McAlpin Co.* (1964), 175 Ohio St. 517, 519-520 [26 O.O.2d 206]. Moreover, the party against whom the motion is made is entitled to have

---

[2] The following excerpts are taken from the deposition taken of Charles Abde, submitted by plaintiff in support of its motion for summary judgment:

"Q.  If they [plaintiff] had restored them [the leased premises] back to their condition, to the condition that you were in them [sic] then, would you have gone back to the location?

"A.  I certainly would.

"* * *

"Q.  Is it your position that after the fire it was the landlord's responsibility to restore each of these items [the improvements]?

"A.  I would take that position, which, to me, would be negotiable. My position is they [plaintiff] never contacted me once at all whether I was going to carry on my business or anything. * * *

"* * *

"Q.  Did you ever tell the landlord that you did not intend to go back in those locations?

"A.  No, sir.

"* * *

"Q.  Did you ever tell Lucy [Stark, plaintiff's representative] or anybody else working for the landlord that you didn't intend to make anymore [sic] payments of rent?

"A.  I don't recall telling anybody that at all.

"* * *

"Q.  Did you ever tell either of them [plaintiff's maintenance men] that you did not intend to go back and reopen?

"A.  No.

"[Q.]  Did you ever tell him [landlord] that you didn't intend to make anymore [sic] rental payments?

"A.  No.

"Q.  Did anybody on behalf of the landlord ever contact you to determine what your intentions were?

"A.  No, sir.

"* * *

"Q.  What did you tell her [Lucy Stark] your intentions were at that time?

"A.  Well, I was going to go back in someplace there along the line."

the evidence construed most strongly in his favor. Civ. R. 56(C). Given Charles Abde's repeated denials of plaintiff's allegations regarding his intention to return, it cannot be said that plaintiff sustained its burden of showing that no genuine issue existed as to this material fact.

These principles find support in the federal cases and in the commentators to Fed. R. Civ. P. 56(e). "* * * [This rule] implicitly recognizes that there are situations in which no defense will be required; in some situations this is true even though a motion for summary judgment has been supported by affidavits or other evidentiary material. Rule 56(e) states that a defense is required only if the motion for summary judgment is 'supported as provided in this rule' and that even if the opposing party fails to submit counter-evidence, summary judgment shall be entered only 'if appropriate.' Furthermore, the Advisory Committee stated in its Note: 'Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied *even if no opposing evidentiary matter is presented.*'" 10A Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d (1983) 523-524, Section 2739 (emphasis in original). See, also, *Adickes* v. *S.H. Kress & Co.* (1970), 398 U.S. 144, 159-161 (holding that because respondent failed to meet its initial burden as the party moving for summary judgment, petitioner was not required to come forward with suitable opposing affidavits). Accord *Sterner Aero AB* v. *Page Airmotive, Inc.* (C.A. 10, 1974), 499 F. 2d 709, 714; and *Bromley-Heath Modernization Commt.* v. *Boston Housing Auth.* (C.A. 1, 1972), 459 F. 2d 1067, 1071-1072. Based on these principles, we therefore hold that the trial court erred in granting summary judgment in plaintiff's favor, and the court of appeals properly reversed.

Toledo next asserts that the court of appeals exceeded its proper scope of review by going beyond defendant's sole assignment of error to contemplate errors which were not assigned and on which Toledo had no opportunity to present an argument. Toledo specifically challenges the court of appeals' reversal of the trial court's judgment on plaintiff's complaint, contending that since defendant framed as its sole assignment of error the trial court's entry of summary judgment on its counterclaim, the court of appeals overstepped its bounds by reversing the judgment on the underlying complaint. We find no merit in this argument.

It is certainly true, as Toledo asserts, that in reviewing the judgment of a lower court, a court of appeals need only pass upon errors assigned and briefed; errors not specifically raised may be disregarded. App. R. 12(A); *C. Miller Chevrolet* v. *Willoughby Hills* (1974), 38 Ohio St. 2d 298, 301 [67 O.O.2d 358]. It is also true that this court has cautioned that "[i]n fairness to the parties, a Court of Appeals which contemplates a decision upon an issue not briefed should * * * give the parties notice of its intention and an opportunity to brief the issue." *Id.* at 301, fn. 3. These principles do not, however, support Toledo's contention that the court of appeals erred in reversing the judgment on the complaint, for several

reasons. First, it is evident from the discretionary language employed in App. R. 12(A) that a court of appeals *may* pass upon an error which was neither assigned nor briefed by a party. See *Miller, supra,* at 301. An appellate court does not *per se* exceed its authority by addressing errors not assigned. Second, contrary to Toledo's assertion, plaintiff did have notice that defendant was challenging both the summary judgment on the counterclaim and the judgment on the underlying complaint. Defendant's notice of appeal to the court of appeals clearly states that defendant was appealing both judgments.[3] The fact that defendant's assignment of error in the appellate court appeared to narrow the issue to the propriety of the entry of summary judgment on the counterclaim does not persuade us that the court of appeals was therefore bound to limit its holding to that judgment only. Under the circumstances of this case, any error in the granting of summary judgment on the counterclaim would inevitably affect the subsequent trial on the underlying complaint. The theory raised in the counterclaim (whether plaintiff had a duty to restore the premises to their condition before the fire, *i.e.,* with all improvements) is so intertwined with the issue at the trial (whether defendant breached its duty to fulfill its remaining obligations under the lease) that any error in deciding the counterclaim would be fatal to the trial on the complaint. It is for this reason that the court of appeals did not exceed its proper scope of review by reversing both judgments. Its ruling that summary judgment on the counterclaim was improper necessarily casts such doubt on the validity of the trial judgment that reversal of the former required reversal and remand of the latter. The appellate holding would have very little meaning otherwise.

For the foregoing reasons, the judgment of the court of appeals is hereby affirmed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and WRIGHT, JJ., concur.

HOLMES and DOUGLAS, JJ., dissent.

---

[3] Defendant's notice of appeal to the court of appeals states that "[d]efendant hereby gives notice of appeal to the Court of Appeals of Lucas County from the Judgment Entry and Findings of Fact and Conclusions of Law filed June 8, 1984, from the Opinion and Journal Entry granting plaintiff's Motion for Summary Judgment on the counterclaim and overruling defendant's motion, and from all other orders made during the course of the proceedings."