LAWRENCE ET AL., APPELLANTS, *v.* EDWIN SHAW HOSPITAL, APPELLEE. ∎

(No. 13655—Decided December 14, 1988.)

*James L. Wagner,* for appellants.

*Lynn Slaby,* prosecuting attorney, and *John R. Adams,* for appellee.

*Per Curiam.* Appellants, James J. Lawrence, Bobby Jett and Kathleen Essik, are all former employees of appellee, Edwin Shaw Hospital. On July 17, 1985, all three appellants were terminated when their branch facility closed.

As a result of their termination, the appellants initiated grievances in accordance with the Edwin Shaw Hospital ("Edwin Shaw") employee handbook. These grievances were denied on the basis that the appellants were management personnel who were not covered by the employee handbook. The appellants then appealed their removal to the State Personnel Board of Review, which dismissed the appeal on the grounds that the appellants were unclassified employees over whom the board had no jurisdiction. This ruling was upheld on appeal by the Court of Common Pleas of Franklin County and by the Tenth District Court of Appeals.

Subsequently, on October 20, 1987, the appellants filed a breach of contract action against Edwin Shaw in the Court of Common Pleas of Summit County. Edwin Shaw filed a motion for summary judgment, which was granted on April 27, 1988.

Appellants appeal, raising one assignment of error:

## Assignment of Error

"The trial court erred in granting summary judgment for the appellee because all the evidence submitted does show that there were genuine issues as to material facts."

At issue here is the effect of Edwin Shaw's distribution of its employee handbook to all its employees, including the appellants. The handbook provided that employee layoffs would be according to seniority within the department and classification, and that laid-off employees are permitted to "bump" employees with less seniority in other classifications.

In its motion for summary judgment, Edwin Shaw contended that the appellants were employees at will who, as a matter of law, could be terminated for any reason or for no reason, and that the employee manual did not create either an express or implied contract of employment upon which the appellants could rely. The appellants opposed the motion, contending that, although they were unclassified employees who were hired as at-will employees, their receipt of the handbook created an express employment agreement, and that Edwin Shaw is estopped from denying the existence of a contract because the appellants relied on the provisions contained in the handbook.

Summary judgment must be granted when there is no genuine issue as to any material fact. In determining whether a material fact issue exists, the trial court must construe the evidence in a way most favorable to the nonmoving party. Doing so, if reasonable minds could come to but one conclusion and such conclusion is adverse to the nonmoving party, then summary judgment must be granted to the moving party. Civ. R. 56(C); *Toledo's Great Eastern Shoppers City, Inc.* v. *Abde's Black Angus Steak House No. III, Inc.* (1986), 24 Ohio St. 3d 198, 24 OBR 426, 494 N.E. 2d 1101. The record reveals no genuine issue of material fact.

All of the appellants were unclassified employees of the hospital. R.C. 124.11(A)(20). As such, they were at-will employees, subject to removal for any reason. R.C. 339.06. Items, such as an employee handbook, may serve to alter the terms for discharge for any reason if there is a meeting of the minds between the employer and employee that the handbook is to be

considered a valid contract. *Mers* v. *Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100, 104, 19 OBR 261, 264, 483 N.E. 2d 150, 154. However, there is no meeting of the minds here. The affidavit of the executive director of Edwin Shaw, and the letters written in response to the appellants' grievances, which were attached to the hospital's motion for summary judgment, show that the distribution of the handbook to the appellants was only done in order that they and the other management personnel would be aware of the policies which applied to the classified employees under their supervision. The employee manual itself refers to layoffs being made in accordance with seniority "within the department and *classification.*" (Emphasis added.) The provisions of the employee manual were not intended to apply to unclassified employees such as the appellants.

The general rule that an at-will employee may be discharged for any reason may also be altered by the application of the doctrine of promissory estoppel. *Mers, supra,* paragraph three of the syllabus. In order for the doctrine of promissory estoppel to apply, the employer must have reasonably expected its representation to be relied upon by its employee, such reliance must actually have resulted and it must have been detrimental to the employee. *Mers, supra,* paragraph three of the syllabus.

Here, however, the affidavit and other documents attached to the hospital's motion for summary judgment show that the hospital did not reasonably expect that the appellants would rely on the provisions of the employee handbook. In addition, the appellants made no showing, by affidavit or otherwise, to establish that they reasonably relied on the handbook and did so to their detriment.

Accordingly, this court must find that there were no genuine issues of material fact. The trial court did not err in granting summary judgment in favor of Edwin Shaw Hospital. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., MAHONEY and GEORGE, JJ., concur.