**The STATE of Ohio, Appellee,**

**v.**

**BAILEY, a.k.a. Barley, Appellant.**

[Cite as *State v. Bailey* (1989), 64 Ohio App.3d 379.]

Court of Appeals of Ohio,
Wood County.

No. WD–89–28.

Decided Dec. 22, 1989.

*Alan Mayberry,* Prosecuting Attorney, for appellee.

*John P. Duffin,* for appellant.

---

*Per Curiam.*

This matter is before the court on appeal from a judgment of the Wood County Court of Common Pleas.

On July 16, 1988, at approximately 5:00 a.m., defendant-appellant, William D. Bailey, Jr., a.k.a. Rusty Barley, was driving south on Interstate 75 in Wood County. Ohio State Highway Trooper G. Michael Samson determined that appellant was exceeding the speed limit by five miles per hour. Samson requested that appellant stop his vehicle.

Approaching the vehicle, Samson determined that it bore what appeared to be valid Texas license plates. Samson requested that appellant produce a driver's license, a vehicle registration and/or proof of ownership. Appellant produced a valid Texas driver's license but was unable to prove ownership of

the vehicle. Appellant told Samson that he had borrowed the car from a friend.

In view of his failure to prove ownership, Samson decided to detain appellant. Appellant was asked to exit from the vehicle whereupon Samson observed a plastic bag containing a small amount of liquid residue on the driver's seat. Samson proceeded to "pat down" appellant whereupon he discovered $5,000 in cash in appellant's left front pocket.

Appellant was placed in the police vehicle while Samson attempted to determine whether appellant was driving the car with the owner's permission. A computer search of the license plate indicated that the car was registered to Rhoades & Associates of Texas. Attempts to contact the owner by telephone failed, whereupon Samson determined that the vehicle should be impounded until ownership was established. Samson radioed for a wrecker and began to conduct a search of the vehicle.

Characterized by plaintiff-appellee, the state of Ohio, as an inventory, Samson's roadside search of the vehicle yielded $8,050 in cash and a small quantity of marijuana. After the vehicle was towed to the police garage, a drug detection dog was summoned. The dog's behavior indicated the presence of drugs in the trunk. The police discovered a small amount of white powder inside film canisters in the trunk.

Appellant was indicted by the Wood County Grand Jury August 18, 1988, on two counts of violating R.C. 2925.11, drug abuse. On November 30, 1988, appellant filed a motion to suppress all evidence relating to or resulting from the July 16, 1988 traffic stop. Arguing that the stop, search and arrest violated his Fourth Amendment rights against unreasonable searches and seizures, appellant moved that the evidence be excluded. In a memorandum decision and order dated December 28, 1988, appellant's motion to suppress was denied. Appellant changed his plea of not guilty to a plea of no contest to one count of drug abuse. Appellant was found guilty on February 3, 1989, and sentenced according to law.

Appellant filed a timely notice of appeal. In a decision and journal entry dated November 3, 1989, this court reversed. We held that appellant's motion to suppress should have been granted. *State v. Bailey* (Nov. 3, 1989), Wood App. No. WD–89–15, unreported, 1989 WL 130855.

Subsequent to appellant's conviction, but prior to our reversal, a hearing was held in the trial court regarding appellee's request that the $13,050 seized from appellant at the time of his arrest be forfeited to the state of Ohio. Evidence was presented detailing the events leading to appellant's arrest. The evidence included a laboratory analysis which indicated that the money

seized contained traces of cocaine. In an order dated April 14, 1989, the trial court held:

"The Court on due consideration finds the motion well-taken and that it should be granted as Defendant disclaimed any ownership of $5,000 of the money seized and it should not therefore be returned to Defendant. The remaining $8,050 is found to be contraband.

"IT IS THEREFORE ORDERED that the $8,500 [*sic*] seized from Defendant's vehicle at the time of his arrest is forfeited to the State of Ohio."

It is from this judgment that appellant has appealed setting forth a single assignment of error:

"The lower court erred in granting the prosecution's motion to forfeit money which was not contraband nor the proceeds of contraband."

The Supreme Court of Ohio has held that, under the discretionary language of App.R. 12(A), an appellate court may pass on errors not assigned by the parties. *C. Miller Chevrolet v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 67 O.O.2d 358, 313 N.E.2d 400. The *Miller* court cautioned that an appellate court contemplating a decision upon an issue not briefed should " * * * give the parties notice of its intention and an opportunity to brief the issue." *Id.* at 301, 67 O.O.2d at 360, 313 N.E.2d at 403, fn. 3. The basis for our disposition of the case *sub judice* is clear and, consequently, we have determined that additional briefs from either party are not necessary. See *Toledo's Great Eastern Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.* (1986), 24 Ohio St.3d 198, 24 OBR 426, 494 N.E.2d 1101.

In *Bailey, supra,* this court held that although the initial "stop" for speeding was justified, the subsequent searches and seizures were conducted improperly and violated appellant's Fourth Amendment rights. We held that the search of appellant's vehicle was not an inventory and, therefore, could " * * * not be used as a pretext for what, in actuality, was a warrantless evidentiary search." *Id.* Accordingly, we found that all evidence removed from the vehicle should have been suppressed. This court also held that although Samson's pat down of appellant was constitutionally permitted, the seizure of the $5,000 from appellant's pocket was improper. *Id.* In summary, and for purposes relevant to this appeal, this court stated that the entire amount of money had been illegally seized.

The forfeiture proceeding in the case *sub judice* was initiated pursuant to R.C. 2933.42 and 2933.43. R.C. 2933.42(A) provides:

"No person shall possess, conceal, transport, receive, purchase, sell, lease, rent, or otherwise transfer any contraband."

R.C. 2933.43(A)(1) provides, in part:

" * * * [A] law enforcement officer shall seize any contraband that has been, is being, or intended to be used in violation of division (A) of section 2933.42 of the Revised Code."

In view of the fact that it was not unlawful for appellant to merely possess the money, it was necessary for appellee to establish that the money was "contraband" as defined in R.C. 2901.01(M)(2):

"Property that is not in and of itself unlawful for a person to acquire or possess, but that has been determined by a court of this state, in accordance with law, to be contraband because of its use in an unlawful activity or manner, of its nature, or of the circumstances of the person who acquires or possesses it[.]'"

As set forth in R.C. 2933.43(C):

" * * * [P]roperty shall be forfeited upon a showing by a preponderance of the evidence by the petitioner that the person from which the property was seized was in violation of division (A) of section 2933.42 of the Revised Code. If that showing is made, the court shall issue an order of forfeiture."

At the forfeiture hearing, appellee set forth evidence showing that appellant had been convicted of a criminal offense, one count of drug abuse in violation of R.C. 2925.11, and that the money seized was contraband because of its relationship to the criminal offense. In *One 1958 Plymouth Sedan v. Pennsylvania* (1965), 380 U.S. 693, 702, 85 S.Ct. 1246, 1251, 14 L.Ed.2d 170, 176, the Supreme Court of the United States held:

"[T]he [quasi-criminal] nature of a forfeiture proceeding * * * and the reasons which led the Court to hold that the exclusionary rule * * * is obligatory upon the States * * * support the conclusion that the exclusionary rule is applicable to forfeiture proceedings such as the one involved here."

Specifically:

"[A]n object illegally seized *cannot in any way* be used either as evidence or as the basis for jurisdiction. Therefore, evidence derived from a search in violation of the fourth amendment must be *excluded* at a forfeiture proceeding." (Emphasis added.) *United States v. One 1978 Mercedes Benz Four-Door Sedan* (C.A.5, 1983), 711 F.2d 1297, 1303.

In the case at bar, evidence of a link between the money and illegal activity was obtained as a result of appellee's improper seizure of the money. Accordingly, evidence presented at the forfeiture hearing pertaining to the character of the money and the circumstances surrounding its seizure should have been suppressed.

In his assignment of error, appellant asserts that the trial court erred in granting appellee's motion for forfeiture. In essence, appellant argues that

insufficient evidence was presented tending to show that the money was contraband or the proceeds of contraband.

On the basis of the reasoning set forth above as to the inadmissibility of evidence and in view of our holding in *Bailey, supra,* we agree with appellant's contention that it was error for the trial court to grant appellee's motion for forfeiture. Accordingly, we find appellant's sole assignment of error well taken.

On consideration whereof, the court finds that appellant was prevented from having a fair trial, and judgment of the Wood County Court of Common Pleas is reversed. It is ordered that appellee pay court costs of this appeal.

*Judgment reversed.*

HANDWORK, P.J., GLASSER and ABOOD, JJ., concur.