DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Huron County Court of Common Pleas that denied appellant's motion for expungement filed pursuant to R.C. 2953.32. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "I. THE TRIAL COURT ERRED IN FINDING THAT APPELLANT WAS NOT A FIRST OFFENDER FOR PURPOSES OF SEALING APPELLANT'S RECORD WHERE APPELLANT MEETS THE STATUTORY DEFINITION OF A FIRST OFFENDER."
On June 4, 1995, appellant was convicted of disorderly conduct, a minor misdemeanor. On January 24, 1997, appellant was sentenced to one year of incarceration on a conviction for trafficking in drugs, a third-degree felony. Appellant was released to post-release control on February 23, 1998. On April 27, 2000, appellant filed a motion to expunge his felony conviction. The trial court denied appellant's motion on July 7, 2000, finding that it was premature and that appellant was not eligible for expungement because his disorderly conduct conviction constituted a prior conviction. Appellant states that he does not appeal the trial court's finding that his motion was premature and only appeals the finding that he is disqualified from expungement based on the disorderly conduct prior conviction.
Pursuant to App.R. 12(A), an appellate court may consider errors not assigned by the parties. C. Miller Chevrolet v. Willoughby Hills (1974),38 Ohio St.2d 298. The Miller court cautioned that an appellate court contemplating a decision upon an issue not briefed should "* * * give the parties notice of its intention and an opportunity to brief the issue."Id. at 301, fn. 3. However, we find that the basis of our disposition is clear and, therefore, additional briefs are not necessary. See State v.Bailey (Dec. 22, 1989), Wood App. No. WD-89-28, unreported, citingToledo's Great Eastern Shoppers City, Inc. v. Abde's Black Angus SteakHouse No. III, Inc. (1986), 24 Ohio St.3d 198.
In the case before us, this court has decided, sua sponte, to address the trial court's finding that appellant's motion was premature. R.C.2953.32(A) states that application for sealing of a record of conviction may be made "at the expiration of three years after the offender's final discharge" if the offender was convicted of a felony. Appellant herein was released to post-release control on February 23, 1998 and filed his motion to expunge his conviction on April 27, 2000, which was approximately ten months short of the three years required by R.C.2953.32(A). Accordingly, the trial court lacked jurisdiction to grant appellant's motion. Based on the foregoing, we further find that appellant's sole assignment of error as to the issue of his disorderly conduct conviction is moot.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Huron County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J., Mark L. Pietrykowski,P.J. CONCUR.