BANKERS TRUST COMPANY OF CALIFORNIA, N.A., Appellant,

v.

MUNOZ et al., Appellees.

[Cite as *Bankers Trust Co. of California, N.A. v. Munoz* (2001), 142 Ohio App.3d 103.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78375.

Decided March 19, 2001.

*Weltman, Weinberg & Associates* and *Mark N. Wiseman,* for appellant.

*Patricia A. Munoz, pro se.*

*John Doe,* the unknown spouse of Patricia A. Munoz.

*Jane Doe,* the unknown spouse of Juan A. Munoz.

TIMOTHY E. MCMONAGLE, Presiding Judge.

Plaintiff-appellant, Bankers Trust Company of California, N.A. ("Bankers Trust"), appeals the judgment of the Cuyahoga County Common Pleas Court denying its motion for partial relief from judgment. For the reasons that follow, we reverse and remand.

A review of the record reveals that Bankers Trust filed a complaint for foreclosure against the owner of record, defendant-appellee Patricia A. Munoz ("Munoz"), among others.[1] In its complaint, Bankers Trust alleged that Munoz was in default of a promissory note, and mortgage securing the note, in the amount of $29,980.50, plus interest and late charges. Sometime thereafter, Bankers Trust filed an application for default when the defendants, including Munoz, failed to respond to the complaint.

In its entry adopting and incorporating a magistrate's decision, the trial court ordered, *inter alia,* that the subject property be sold at a sheriff's sale and that, upon confirmation of the sale, the sheriff disburse to Bankers Trust $29,980.50, plus interest, from the proceeds of the sale. Bankers Trust received net

---

1. The complaint also named as defendants two unknown spouses and Beneficial Mortgage Company of Ohio.

proceeds from the sale of the real estate in the amount of $34,463.82. After incidental fees other expenses were subtracted from the $46,800 purchase price, $10,495.88 was retained by the sheriff until further order of the court. In an entry journalized on February 9, 2000, the trial court confirmed the sale and ordered the deed issued to the purchaser.

Four months later, on June 15, 2000, Bankers Trust filed a motion for partial relief from judgment stating that, due to an inadvertent mistake, the correct principal balance should have been $59,980.50 instead of $29,980.50 as alleged in the complaint. Attached to its motion was the affidavit of a foreclosure specialist affiliated with Bankers Trust, wherein it was averred that Bankers Trust had inadvertently advised its counsel of the incorrect principal balance. Bankers Trust then sought to have the judgment ordering the disbursement of funds from the proceeds of the sale modified to reflect the correct principal amount. The certificate of service attached to the motion states that the motion was served on "the defendants and/or their attorneys * * *." The purchaser of the property, however, was not served.

In an entry journalized June 29, 2000, the trial court denied the motion without a hearing, stating:

"* * * No money judgment was rendered in this action. If [Bankers Trust] seeks relief from the Decree of Foreclosure, a properly supported motion, served on the Purchasers at Sheriff Sale would be considered."

Bankers Trust thereafter appealed, asserting in its sole assignment of error that the trial court erred in denying its motion for partial relief from judgment and refusing to enter a modified judgment. None of the defendants below filed a brief in this appeal. This court, consequently, may accept Bankers Trust's statement of facts and issues as correct and reverse the judgment of the trial court if it appears that such action is warranted. See App.R. 18(C).

■ In order to prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. These requirements are independent and written in the conjunctive; therefore, all three must be clearly established in order to be entitled to relief. *Id.* at 151, 1 O.O.3d 86, 88–89, 351 N.E.2d at 116.

Although Civ.R. 60(B) is a remedial rule, which requires liberal construction favoring determination of cases on their merits, the rule cannot be used to emasculate procedural rules and time limits. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 79, 514 N.E.2d 1122, 1125–1126. The rule attempts to strike a balance between the conflicting principles that litigation must be brought to a conclusion and justice should be done. *Id.* Whether relief should be granted is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. *Griffey,* 33 Ohio St.3d at 77, 514 N.E.2d at 1123–1124. The trial court abuses its discretion when its actions are arbitrary, unreasonable or unconscionable. See *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 469, 692 N.E.2d 198, 200–201.

Bankers Trust claims that the trial court abused its discretion in denying its motion because it is entitled to relief on the basis that (1) it has a meritorious claim in that it is due more money than originally alleged in its complaint; (2) its failure to allege the correct amount was due to an inadvertent mistake under Civ.R. 60(B)(1) or, alternatively, that relief is otherwise justified under Civ.R. 60(B)(5); and (3) its motion was filed within a reasonable time.

If Bankers Trust is able to conclusively establish that the note due and owing is in the principal amount of $59,980.50, then it would appear that Bankers Trust has a meritorious claim. It must be remembered that the movant need not show that he or she would prevail on the claim, only that the claim be meritorious. See *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566–567; *Moore v. Emmanuel Family Training Ctr.* (1985), 18 Ohio St.3d 64, 67, 18 OBR 96, 99, 479 N.E.2d 879, 882–883. Hence, Bankers Trust has arguably presented a meritorious claim and thereby satisfied the first prong of the *GTE* test.

The record also supports that Bankers Trust has also satisfied the third prong of the *GTE* test. A movant requesting relief under Civ.R. 60(B) must establish that its motion was made within a reasonable time and, if the grounds for relief are premised on subsection (B)(1) through (3), the motion must be made not more than one year after judgment. That one-year provision, however, is not to be considered an acceptable maximum time limit because the court must determine if the time delay in requesting such relief is reasonable under the circumstances. *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 18 O.O.3d 442, 416 N.E.2d 605.

Although Bankers Trust makes only a bald assertion that its motion was timely, it is reasonable to conclude that it acted in a timely manner in filing its motion for partial relief from judgment. The trial court journalized the decree of foreclosure on November 23, 1999. The property was thereafter appraised and

the order of sale was journalized on March 7, 2000. The sale was eventually confirmed and the deed issued to the purchaser on February 9, 2000. Four months later, Bankers Trust filed its motion requesting partial relief from judgment seeking to modify the decree of foreclosure to reflect the allegedly correct principal amount due and owing from Munoz. Foreclosure proceedings are transactional in nature and, as such, the time interval between the order of sale and the exchange of monies often is not within the control of the creditor. It is, therefore, not unreasonable to find some delay between the time the court confirmed the sale and Bankers Trust actually received the funds, credited Munoz's account, and thus discovered its alleged error. Consequently, the four-month interval between the filing of the motion from relief from judgment and the confirmation of sale is not unreasonable taking into consideration the transactional nature of foreclosure proceedings.

What remains to be determined is whether Bankers Trust is entitled to relief under one of the grounds provided in Civ.R. 60(B). Here, Bankers Trust argues that it is entitled to relief under Civ.R. 60(B)(1) because it was due to an inadvertent mistake that it did not relay the correct principal amount to its attorney. Certainly, supplying its attorney with incorrect information regarding the amount due under a promissory note can arguably constitute a mistake. Yet, without more, this court cannot determine whether Bankers Trust's actions constitute a mistake or inexcusable neglect. In such a case, the better course of action would have been for the trial court to conduct a hearing on the motion.

Bankers Trust alternatively argues that it is entitled to relief under Civ.R. 60(B)(5), which allows the court to relieve a party from judgment for "any other reason." It is intended as a catchall provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B). *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365, paragraph one of the syllabus. "The grounds for invoking Civ.R. 60(B)(5) should be substantial." *Id.* at paragraph two of the syllabus.

Bankers Trust's motion for relief from judgment, as well as its brief on appeal, does little to aid its case for relief under this rule. To the contrary, it makes rather bald assertions that it is entitled to relief under Civ.R. 60(B)(1) and (5) with little or no argument. The lack of diligence demonstrated by Bankers Trust in making its case would ordinarily make it very easy for this court to find its request for relief without merit. See App.R. 12(A)(2). For no other reason except to further the interests of justice, this court, however reluctant it is to do so, finds Bankers Trust to be entitled to relief under Civ.60(B)(5) because to do otherwise would create an unjust result in favor of the debtor, Munoz.

The proceeds of judicial sale were disbursed according to the decree of foreclosure journalized by the court, leaving $10,495.88 in excess funds that are currently being held by the sheriff until further order of the court. Under R.C. 2329.44(A)(1), Munoz as the debtor would be entitled to these funds if Bankers Trust does not prevail on its motion for relief from judgment. See *Natl. Mtge. Co. v. Brown* (Aug. 19, 1993), Franklin App. No. 93AP–214, unreported, at 3–4, 1993 WL 317252. To allow Munoz to be entitled to these funds when she allegedly defaulted on a mortgage that was greater than the appraised value of the property securing the mortgage and its subsequent purchase price would work an unjust operation of the trial court's judgment, provided Bankers Trust could ultimately prevail on its claim. As discussed above, the better course of action would have been for the trial court to hold a hearing on Bankers Trust's motion to ascertain whether Bankers Trust could prove its claim.

 We further note that the statutory scheme for foreclosure proceedings is designed to protect the interests of both the mortgagor-debtor and the mortgagee-creditor. *Ohio Sav. Bank v. Ambrose* (1990), 56 Ohio St.3d 53, 56, 563 N.E.2d 1388, 1390–1391; *Union Bank Co. v. Brumbaugh* (1982), 69 Ohio St.2d 202, 208, 23 O.O.3d 219, 222–223, 431 N.E.2d 1020, 1024–1025. Moreover, the purchaser of the foreclosed property likewise has a protectable interest once the sale has been confirmed. *Ambrose*, 56 Ohio St.3d at 55, 563 N.E.2d at 1389–1390. Even though it appears that Bankers Trust is not attempting to vacate the sale, the purchaser is nonetheless entitled to notice as to Bankers Trust's request to modify the decree of foreclosure. To conclude that Bankers Trust's actions are sufficient to justify relief under Civ.R. 60(B) is premature without notifying the purchaser and holding a hearing as to the propriety of its actions. To do otherwise would thwart the purpose of the foreclosure statute and prejudice the rights of the mortgagor and the purchaser.

 In this case, the record supports that, at the very least, the trial court should have held a hearing on the merits of Bankers Trust's motion for partial relief from judgment. See *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 19, 665 N.E.2d 1102, 1104. We acknowledge that Bankers Trust has not argued on appeal that it was error for the trial court to deny its motion without conducting a hearing. To the contrary, it has merely argued that the trial court abused its discretion in denying its motion and requests that this court modify the lower court's judgment to reflect the increased principal amount allegedly due it. This court, in the interests of justice can, nonetheless, consider error neither assigned nor argued. See *State v. Peagler* (1996), 76 Ohio St.3d 496, 499, 668 N.E.2d 489, 492–493; *Toledo's Great E. Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.* (1986), 24 Ohio St.3d 198, 202–203, 24 OBR 426, 429–430, 494 N.E.2d 1101, 1104–1105. Here, justice would be thwarted if the

trial court's judgment is upheld and Munoz would thereby receive funds to which she is allegedly not entitled when it could have been demonstrated at a hearing that Bankers Trust can prevail on its claim.

Consequently, the trial court abused its discretion in denying Bankers Trust's motion for partial relief from judgment without first holding a hearing as to whether Bankers Trust's actions in failing to properly allege the correct principal amount constitute mistake or otherwise justify relief.

Accordingly, Bankers Trust's sole assignment of error is well taken, in part. The case is remanded to the trial court with instructions to conduct a hearing on Bankers Trust's motion for partial relief from judgment after giving notice to all parties, including the purchaser.

The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JAMES J. SWEENEY, J., concurs.

ANN DYKE, J., dissents.

ANN DYKE, Judge, dissenting.

I respectfully dissent and would conclude that the trial court did not abuse its discretion in denying the motion for partial relief from judgment filed by Bankers Trust Co. of California ("Bankers Trust").

The record of this matter reveals that Bankers Trust filed a complaint for foreclosure alleging that defendant Patricia Munoz had defaulted on her mortgage and that $29,980.50 plus interest were due on the note. Certified mail service was not perfected upon Munoz and she was served by publication.[2] A default judgment was later entered against her.

On October 13, 1999, the magistrate issued a decision that stated in relevant part as follows:

"There is due to the Plaintiff the sum of $29,980.50 plus interest at 11.45% per annum from November 1, 1998. * * *"

The trial court adopted the magistrate's decision and county appraisers appraised the property at $45,000. The property was sold by sheriff's sale on

---

**2.** The preliminary judicial report and final judicial report indicated that the law firm representing Bankers Trust, Weltman, Weinberg & Reis, Co. L.P.A., had obtained title insurance in the amount of $29,980.52.

January 24, 2000, and on February 2, 2000, the trial court confirmed the sale. On June 15, 2000, Bankers Trust filed the within motion for partial relief from judgment, citing Civ.R. 60(B)(1) and (5) and asserting in relevant part:

"The servicing agent for the Plaintiff made a clerical error in its transmittal to Plaintiff's counsel requesting that the within foreclosure action be filed, erroneously indicating a principal balance of $29,980.50 rather than the correct principal balance of $59,980.50. Accordingly, the foreclosure complaint indicated the incorrect amount."

Bankers Trust further noted that the sheriff was holding $10,495.88 from the sale after the incorrect principal amount had been satisfied. Appended to the motion was an authenticated copy of the loan statement, which documented Munoz's payments and indicated that $59,980.50 was unpaid.

The trial court denied Bankers Trust's motion to dismiss, noting:

"No money judgment was rendered in this action. If Plaintiff seeks relief from the Decree of Foreclosure a properly supported motion, served on the Purchasers at Sheriffs Sale would be considered."

Considering whether the trial court properly denied the motion with regard to Civ.R. 60(B)(1), it is clear that where the movant asserts inadvertence and excusable neglect as the grounds for a motion filed pursuant to Civ.R. 60(B)(1), the movant must set forth operative facts to assist the court in determining whether such grounds exist. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 520 N.E.2d 564, syllabus. If such operative facts are not set forth, the trial court acts within its discretion in denying the motion. *Id.* In determining that the movant had not set forth operative facts for relief, the *Rose Chevrolet* Court stated as follows:

"This memorandum recited that the motion is 'based upon inadvertence and excusable neglect' and that '[c]ounsel for defendant had previously prepared an answer.* * *.' No explanation is provided for this assertion, and no facts are set forth to bolster appellant's position. In short, the trial judge is given no basis whatsoever to make a factual determination on the question of whether the neglect is excusable or inexcusable, or whether the failure to file an answer was inadvertent. It is true that neither Civ.R. 60(B) itself nor any decision from this court has required the movant to submit evidence, in the form of affidavits or otherwise, in support of the motion, although such evidence is certainly advisable in most cases. But the least that can be required of the movant is to enlighten the court as to why relief should be granted. The burden is upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality. A mere allegation that the movant's failure to file a timely answer was due to 'excusable neglect and inadvertence,' without any

elucidation, cannot be expected to warrant relief." *Id.* at 20–21, 520 N.E.2d at 567.

With regard to Civ.R. 60(B)(5), this rule reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. *State ex rel. Gyurcsik v. Angelotta* (1977), 50 Ohio St.2d 345, 346, 4 O.O.3d 482, 482–483, 364 N.E.2d 284, 285. This rule permits a court to vacate a judgment where such action is appropriate to accomplish justice. *Id.* Where, however, the record fails to demonstrate that the claimed ground for relief is a valid reason to vacate the judgment, the motion should be denied. *Mt. Olive Baptist Church v. Pipkins Paints* (1979), 64 Ohio App.2d 285, 289, 18 O.O.3d 319, 321–322, 413 N.E.2d 850, 854. The *Mt. Olive Baptist Church v. Pipkins Paints* Court stated:

"It is well established that the 'other reason' clause of Civ.R. 60(B) will not protect a party who ignores its duty to take legal steps to protect its interest. *See, e.g., Ackermann v. United States* (1950), 340 U.S. 193 [71 S.Ct. 209, 95 L.Ed. 207]." Accord *Templin v. Grange Mut. Cas. Co.* (Apr. 8, 1991) Montgomery App. No. 12261, unreported, 1991 WL 60657 (the "error or omission" offered in support of the motion must not be a product of the movant's failure to present evidence).

The *Templin* court stated:

"A review of the * * * cases and authorities causes us to conclude that the form of 'error or omission' contemplated by Civ.R. 60(B)(5) must arise from circumstances chargeable to the court or otherwise beyond the control of the movant. They do not include an error or omission created by the failure of a party to produce evidence when he had the duty and opportunity to do so."

Relief pursuant to Civ.R. 60(B)(5) has also been held to be unavailable where the movant cites a mistake but the mistake is the result of inexcusable neglect or carelessness. *In re Dissolution of Marriage of Wise* (1988), 46 Ohio App.3d 82, 545 N.E.2d 1314.

In this instance, Bankers Trust has offered no reason to excuse or properly explain its failure to accurately determine the amount which Munoz owed prior to foreclosing upon the mortgage and causing her home to be sold by sheriff's sale. I find this failure troubling and would conclude that it is fatal to the relief now requested in light of Bankers Trust's burden of proof in this foreclosure action. That is, as the court stated in *Montgomery v. Mosley* (Aug. 24, 1990), Pike App. No. 448 unreported, 1990 WL 127047:

"[W]hile appellants may not have established any affirmative defense, the appellee still has the burden of proof in establishing a prima facie case in the foreclosure action. From our review of the sparse record, we find that appellee failed to do so.

"A mortgage is an instrument securing an underlying debt, and in order to prevail, a mortgagee must establish all the allegations in his complaint, including the underlying indebtedness."

Finally, I would find that Bankers Trust did not file this motion within a "reasonable time" as required by Civ.R. 60(B) because Bankers Trust did not file this motion until over four months after the confirmation of the sale and it provided the trial court with no explanation for its delay. Accord *Mount Olive Baptist Church v. Pipkins Paints, supra.*

In accordance with the foregoing, I would affirm the judgment of the trial court which denied the motion for partial relief from judgment. I therefore respectfully dissent from the decision entered this day.