¶ 84 I agree with much of the majority's opinion. However, I disagree with its conclusion regarding Appellant's third assignment of error. In that assignment of error, Appellant argues counsel was ineffective for failing to object to the introduction of his unredacted videotaped statement to the police and certain hearsay testimony from the detective that took the statement of his co-defendant, Gregory Crockett, as these evidentiary materials spoke of other rapes he allegedly committed but was not charged with in this case. Counsel is ineffective when counsel's actions fall below an objective standard of reasonableness and the defendant is prejudiced by the attorney's conduct. The evidence was not admissible to show Appellant's actions in this case were part of a pattern of behavior, scheme, or modus operandi as that evidence was not inextricably linked to the case at hand and was highly inflammatory as it was very similar to the charged offense. Appellate courts have routinely granted new trials to criminal defendants when the State introduces evidence in violation of the Rape Shield Act. In this kind of case, defense counsel had no reasonable purpose in allowing the statements in to evidence and, when that evidence is introduced, there is a reasonable probability that, but for the introduction of that evidence, the outcome of the case would have been different. Thus, I must respectfully dissent from the majority's opinion. I would reverse the trial court's decision and remand this matter to the trial court.
{¶ 85 In his brief to this court, Appellant did not specifically raise the Rape Shield Act, instead arguing about other acts evidence pursuant to Evid.R. 404(B). However, at oral argument, Appellant argued the statements were objectionable under that Act. In addressing this argument, the majority states a brief reference to the Rape Shield Act at oral argument does not create an issue this court can properly address on appeal. This is clearly a misstatement of the law as it is in this court's discretion to address arguments not specifically contained in the briefs. Although we are not obligated to do so, under App.R. 12(A) this court may, in the interests of justice, consider error that has not been assigned, briefed, or argued. See State v. Peagler (1996),76 Ohio St.3d 496, 668 N.E.2d 489; Chemical Bank of New York v. Neman
(1990), 52 Ohio St.3d 204, 556 N.E.2d 490; Toledo's Great E. ShoppersCity, Inc. v. Abde's Black Angus Steak House No. III, Inc. (1986),24 Ohio St.3d 198, 24 OBR 426, 494 N.E.2d 1101; C. Miller Chevrolet v.Willoughby Hills (1974), 38 Ohio St.2d 298, 313 N.E.2d 400; Bankers TrustCo. of California, N.A. v. Munoz (2001), 142 Ohio App.3d 103,754 N.E.2d 265; State ex rel. Donovan v. Zajac (1998), 125 Ohio App.3d 245,708 N.E.2d 254; State v. Gunther (1998), 125 Ohio App.3d 226,708 N.E.2d 242; State v. Bailey (1989), 64 Ohio App.3d 379,581 N.E.2d 1104; State v. Knece (Mar. 12, 2001), 4th Dist. No. 00CA017;State v. Brooks (Dec. 6, 1999), 12th Dist. Nos. CA99-01-001, CA99-01-002. T T Communications, Inc. v. Camp (Aug. 25, 2000), 6th Dist. No. WM-99-005; State v. McDonald (June 5, 1990), 2nd Dist. No. 11228; Riordan v. Civil Service Commission of the City of Lakewood
(Sept. 3, 1987), 8th Dist. No. 52398; State v. New (Jan. 24, 1992), 11th Dist. No. 90-L-15-112; State v. Jackson (Feb. 20, 2001), 10th Dist. No. 00AP-183. The majority's statement to the contrary is simply incorrect. Because the determination of this issue affects one of Appellant's fundamental constitutional rights, it is in the interests of justice to address the Rape Shield Act.
 {¶ 86} Regardless of its statement that Appellant's argument in relation to the Rape Shield Act cannot be addressed, the majority analyzes the admissibility of this evidence under both the Rape Shield Act and Evid.R. 404(B). It concludes the evidence was admissible because it demonstrated the rape with which Appellant was charged in this case was a part of a pattern of behavior, scheme, or modus operandi.
 {¶ 87} Ohio's Rape Shield Act provides as follows:
 {¶ 88} "Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim, or is admissible against the defendant under section 2945.591 of the Revised Code, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value." R.C. 2907.02(D).
 {¶ 89} By creating the rape-shield laws, the General Assembly has chosen to "tightly restrict the admissibility of evidence of the prior sexual activity of both the complaining witness and the defendant in rape cases." State v. Lewis (1990), 66 Ohio App.3d 37, 40, 583 N.E.2d 404. The admissibility of other-acts evidence is carefully limited because of the substantial danger that the jury will convict the defendant solely because it assumes that the defendant has a propensity to commit criminal acts, or deserves punishment regardless of whether he or she committed the crimes charged in the indictment. State v. Schaim (1992),65 Ohio St.3d 51, 59, 600 N.E.2d 661. When as in this case, evidence of defendant's sexual activity does not involve origin of semen, pregnancy, or disease, or defendant's past sexual activity with the victim, such evidence may come in only if it is admissible against defendant under statute on other acts evidence, and only to extent that its inflammatory nature does not outweigh its probative value. State v. Clemons (1994)94 Ohio App.3d 701, 641 N.E.2d 778.
 {¶ 90} Other acts evidence is only admissible to prove things like motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evid.R. 404(B). The legislature has further clarified this by providing:
 {¶ 91} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant." R.C. 2945.59.
 {¶ 92} For testimony regarding scheme, plan, or system to be admissible under R.C. 2945.59 it must be "inextricably related" to the crime and form the immediate background that serves as a foundation of the crime. State v. Wilkinson (1980), 64 Ohio St.2d 308, 318,18 O.O.3d 482, 415 N.E.2d 261. Likewise, for that testimony to be admissible under Evid.R. 404(B), the other acts must be "`so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged.'" Id., quotingUnited States v. Turner (C.A.7, 1970), 423 F.2d 481, 483-84, certiorari denied 398 U.S. 967, 90 S.Ct. 2183, 26 L.Ed.2d 552. Where inflammatory prior-acts testimony does not serve these purposes, the conviction must be reversed unless there is no reasonable possibility that this testimony contributed to the accused's conviction. State v.Lytle (1976), 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623, paragraph three of the syllabus, vacated in part on other grounds (1978),438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.
 {¶ 93} In State v. Wilkins (1999), 135 Ohio App.3d 26,732 N.E.2d 1021, the defendant claimed the trial court erred in admitting testimony concerning his prior rape conviction. He maintained that the testimony was not relevant to show identity, common plan or scheme, motive, opportunity, intent, or absence of mistake or accident, but rather that it had no relevance at trial but to show a propensity to commit the crime for which he was on trial. In addition, the defendant argued that evidence of prior crimes that is relevant only to show one's propensity to commit the crime charged is improper. The Wilkins court agreed.
 {¶ 94} The court found there to be no evidence adduced during trial that would connect the prior rape, some twelve years prior to the current charges, to the charge the defendant faced at trial. Moreover, the state did not assert that the prior rape was accomplished to further a common plan or scheme to rape the current victim. Therefore, the Wilkins court concluded that the trial court erred by admitting testimony regarding the prior rape. Moreover, due to the inflammatory nature of the testimony, the court found the defendant was prejudiced by the admission of the testimony at trial. Id. at 32, see also State v. Price (1992)80 Ohio App.3d 35, 608 N.E.2d 818.
 {¶ 95} In the present case, Appellant did not simply volunteer a fleeting reference to a prior act. Instead, he made several descriptive comments regarding his prior charge of rape involving a prostitute who was under the influence of crack cocaine. In fact, a total of one quarter of Appellant's statement was comprised of prior bad-act testimony. What initiated the dialogue between Appellant and the detective was Appellant's inquiry, "Why so different between black people and white people?" Appellant explained that a similar occurrence took place about a month prior to the taking of his statement with a black prostitute. However, that case had been "thrown out" the same day after the court found out the prostitute had been high on crack. The detective then questioned Appellant, "You thought I was there on another rape?" Appellant responds that he was under the impression he was brought in on an assault charge with respect to the victim in this case. When the detective mentioned rape, he assumed she was referring to a previous charge. The detective then asked which rape Appellant was talking about. Finally, the detective questioned Appellant about Crockett's girlfriend, specifically asking, "Did you ever rape her?" Appellant admitted having sex with the girlfriend and further explained she was also smoking crack.
 {¶ 96} Trial counsel similarly failed to object to the detective referencing Appellant's "crack-head bitches" comment and the fact that he solicited prostitutes. Trial counsel himself brought up the fact that Appellant solicits prostitutes. In addition, the detective stated Appellant "felt that it was okay what he was doing * * * It didn't matter, right, that they were crack — that they were prostitutes or whatever." Shockingly, trial counsel counters this statement by inquiring into Appellant's prior arrests and/or convictions for rape. The detective responds that Appellant has been arrested but not convicted.
 {¶ 97} Finally, in closing statements, the prosecutor made the following argument without objection: "John Robinson talked to Sergeant Casey about another woman that you heard on that videotaped statement, and when she interviewed him and his response, and it was, again, I quote: `The only difference here is this one white and the other one black. They smoke crack cocaine and she even say she smoke crack. That is what killed the black girl. When she told the judge she smoked the crack, that killed everything'."
 {¶ 98} The admission of these statements elicited from Appellant during his videotape statement is particularly troubling since the prior allegations of rape involved both prostitution and crack cocaine, not unlike the facts surrounding the victim. The similarities are significant because the danger that the jury will convict because it assumes the defendant has a propensity to commit criminal acts "is particularly high when the other acts are very similar to the charged offense, or are of an inflammatory nature." State v. Schaim (1992), 65 Ohio St.3d 51, 59,600 N.E.2d 661. In this case, the "other bad acts" evidence served no purpose aside from revealing Appellant's propensity to solicit prostitutes and exchange sexual intercourse for drugs. They were not "inextricably linked" to this case and proof of the other bad act does not logically prove any element of the crime charged. The only reason for the introduction of this evidence was to show Appellant's character and that he acted in conformity therewith. Thus, this evidence should not have been admitted in this case.
 {¶ 99} A number of other Ohio cases have held that the impermissible introduction of other acts testimony in criminal sexual conduct cases may at times be so prejudicial as to necessitate the granting of a new trial. See State v. Clemons (1994), 94 Ohio App.3d 701,641 N.E.2d 778; State v. Cotton (1996), 113 Ohio App.3d 125,680 N.E.2d 657; State v. Thompson (1981), 66 Ohio St.2d 496,422 N.E.2d 855. For example, in a prosecution for vaginal and anal rape, the erroneous admission of "other acts" testimony from the defendant's former lover that the defendant anally raped her four years earlier did not constitute harmless error where the defendant was subsequently convicted of anally raping the victim, but acquitted of vaginally raping her since there is a very strong possibility that the witness' testimony contributed significantly to the defendant's conviction. State v. Lewis
(1990), 66 Ohio App.3d 37, 583 N.E.2d 404, dismissed, jurisdictional motion overruled 55 Ohio St.3d 703, 562 N.E.2d 894.
 {¶ 100} Other courts have based a finding of ineffective assistance of counsel on similar failures of counsel to raise the defense provided by the Rape Shield Law. For instance, in State v. Martin (1987),37 Ohio App.3d 213, 525 N.E.2d 521, defendant's counsel consistently failed to object to testimony that constituted evidence of prior acts. On several occasions throughout the trial, defense counsel elicited the "prior act" testimony through his own questioning of the witnesses. Shockingly, the trial court sua sponte objected to the eliciting of this type of testimony by the State, making mention of the fact that defense counsel should have objected.
{¶ 101 After reviewing counsel's performance, the Martin court found the representation to be ineffective, opining,
 {¶ 102} "Evidence of other crimes which is permitted to come before the jury due to defense counsel's neglect, ignorance or senseless disregard of the defendant's rights and which bears no reasonable relationship to a legitimate trial strategy has been held sufficient to render the assistance of counsel ineffective. See United States v. Bosch (C.A. 1, 1978), 584 F.2d 1113; Maryland, Marzullo v. [sic] (C.A.4, 1977), 561 F.2d 540, certiorari denied (1978), 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 394." Id. at 214.
 {¶ 103} Similarly, in State v. Seymour (Nov. 23, 1994), 2nd Dist. No. 14324, the court dealt with a case in which the defendant allegedly raped his cousin. The State offered evidence at trial that the defendant had previous sexual relations with another cousin. However, defense counsel never objected. The Seymour court opined,
 {¶ 104} "Even if we assume arguendo that defense counsel was aware of the rape shield laws and that his failure to object to the Early evidence was a calculated decision, we cannot see how such a strategy could be deemed to be professionally reasonable under the circumstances of this case. * * * In this case, interjecting an error of that magnitude into the record for purposes of creating a potential winning issue on appeal cannot be deemed as professionally reasonable representation. * * * [T]here can be little doubt concerning the seriousness of defense counsel's error in permitting evidence of Seymour's prior sexual encounter with another cousin to come before the jury. Given the fact that Seymour was charged with raping his cousin, any evidence of a previous sexual liaison with a different cousin had to have been highly inflammatory. `The courts of this state have long recognized that evidence of other acts `carries the potential for the most virulent kind of prejudice for the accused.' Lewis, supra, at 41, quoting State v. Snowden (1976), 49 Ohio App.2d 7, 8." Id. at 6-9.
 {¶ 105} When assessing defense counsel's performance in State v.Johnson (Aug. 7, 1990), 10th Dist. No. 88AP-761, the court, among other deficiencies, emphasized counsel's failure to object to the inadmissible testimony of other acts by the defendant. The court found that this failure so seriously prejudiced the defense that it could not reliably conclude that the jury arrived at a fair result in the trial. Similarly in State v. Perkins (Apr. 22, 1992), 2nd Dist. No. 12504, the defendant asserted his counsel was prejudicially ineffective in bringing out his prior conviction, contending it was in contravention of the Rape Shield law. The court agreed, stating:
 {¶ 106} "The existence of a prior offense is such an inflammatory fact that ordinarily it should not be revealed to the jury unless specifically permitted under statute or rule. The undeniable effect of such information is to incite the jury to convict based on past conduct rather than restrict their attention to the offense at hand." Id. at 6.
 {¶ 107} Finally, in State v. Miller (Oct. 14, 1993), 4th Dist. No. 92 CA 496, the court could discern no reasonable or legitimate trial strategy in a statutory rape case of allowing the admission of evidence concerning prior bad acts. "Consequently, although cognizant of the strong presumption against deficient counsel performance, we believe that appellant's trial counsel's failure to specifically object to the other acts rebuttal evidence here satisfied the first prong of the ineffectiveness of counsel test." Id. at 14.
 {¶ 108} The majority concludes trial counsel was not ineffective for not objecting to the detective's hearsay testimony because "trial counsel was trying to further the notion that Crockett had a motive to fabricate information about Appellant and that Crockett could not be relied upon to tell the truth about any aspect of this case." Opinion at ¶ 65. This conclusion makes no sense given the facts in this case. As the majority stated earlier in its opinion, "Crockett's statement unquestionably exonerates Appellant, at least with respect to the rape." Opinion at ¶ 20. If Crockett's statement exonerates Appellant from the rape, then what possible motive could Appellant's counsel have had in furthering the notion that Crockett could not be relied upon to tell the truth about any aspect of this case? Clearly, it is unreasonable for defense counsel to impeach a witness whose testimony "unquestionably exonerates" the defendant.
 {¶ 109} When discussing counsel's strategy in allowing Appellant's videotaped statement into evidence, the majority states trial counsel could not have been ineffective as the record reflects he possessed a reasonably well-constructed theory of defense and knowledge of the issues involved and points to counsel's cross-examination of the State's witnesses as an example of counsel's competency. However, this begs the question of what theory of defense counsel was actually using at trial, which the majority does not answer.
 {¶ 110} It appears trial counsel's strategy was to argue that if Appellant had admitted to first smoking crack and then to beating the victim, he would have also confessed to raping her if he had in fact done so. In other words, counsel attempted to show Appellant is a person who admits when he has broken the law. Indeed, counsel alluded to this strategy at trial.
 {¶ 111} I recognize that in State v. Phillips (1995),74 Ohio St.3d 72, 656 N.E.2d 643, the Ohio Supreme Court found a capital murder defendant did not receive ineffective assistance of counsel when his attorneys elected to pursue trial strategy in which they admitted defendant had beaten and raped three-old-defendant on previous occasions but had only beaten her on day that she died. The court held this even though defendant claimed 1) that there should not have been an admission of partial guilt and 2) that counsel should have pursued claim that cause of death had been a previous beating not inflicted by defendant. Moreover, there was expert testimony that victim had died from wounds inflicted on day of death, presumably by defendant, and the defendant's confessions as to earlier acts had compelled adoption of strategy that was pursued.
 {¶ 112} In contrast, the trial strategy in the present case apparently was to convince the jury that Appellant had not raped the victim by highlighting his frank admissions to the other charges. However, the admission of other prior acts does nothing to further trial counsel's strategy because he has not admitted to the acts involving rape. The testimony regarding those acts actually negates counsel's claim that Appellant has confessed to all his other wrongdoing.
 {¶ 113} As the above demonstrates, this evidence was inadmissible under both the Rape Shield Act and Evid.R. 404(B). Counsel's strategy in deciding to allow the introduction of that evidence fell below an objective standard of reasonableness because that evidence actually negates counsel's claim that Appellant has confessed to all his other wrongdoing. Finally, this evidence was highly inflammatory as the other acts are very similar to the charged offense. Thus, there is a reasonable probability that, but for counsel's failure to object to the introduction of this evidence, the outcome of the case may have been different.
 {¶ 114} Because such a large quantity of inflammatory and prejudicial evidence was similarly presented to the jury without objection in this case, Appellant did not receive effective assistance of counsel as guaranteed by the Sixth Amendment. Although both the charged offense and the alleged other acts in this case are reprehensible, I must follow the guidance of the Ohio Supreme Court and realize that "[e]ven those who prey on the defenseless are entitled to a fair defense." State v. Gersin
(1996), 76 Ohio St.3d 491, 668 N.E.2d 486. When looking at the totality of trial counsel's deficient performance, it is clear Appellant did not receive a fair defense. Thus, I would conclude Appellant's third assignment of error is meritorious, reverse his conviction, and remand this matter to the trial court for a new trial.